# E. C. SUMMERS
## v.
## ELI SHELDON.

*Negotiable Instruments—Note—Action Against Indorser—Failure to Proceed Against Maker.*

When a note becomes due, an indorsee may proceed at once against the indorser, if a suit against the maker would be unavailing; in case suit is not brought immediately, in order to justify the bringing thereof against the indorser in the first instance, the burden of proof is upon the indorsee to show that the maker was, during the intermediate time, insolvent.

[Opinion filed June 26, 1891.]

APPEAL from the County Court of McLean County; the Hon. C. MYERS, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

Messrs. JOHN F. WIGHT and STEVENSON & EWING, for appellee.

PLEASANTS, J. Assumpsit, brought by the assignee against the assignor of a promissory note of E. A. Wood for $180, which became due September 10, 1872. At that time these three parties were neighbors, all residing in the northeast part of McLean County. The note was assigned before maturity. A little more than two weeks after it matured, they all left the State together, going to Nebraska. It is said that appellee, the assignor, then told appellant that Wood was insolvent. Appellant returned to his old home in the course of a few months. Some two or three years later Wood also came back to Illinois, but not to McLean County. He resided thereafter at Plainville, Joliet, and Chicago, until 1877, or longer. Appellant was informed he was living in the State, but it does not appear that he made any inquiry or effort to ascertain just where. He did not see him nor know

of his having any property here, after his return. There is evidence, however, that he was in the horse business, had some property, and paid some old debts for which he was sued. This action was brought against the assignor immediately upon his first return to the State; and on the trial below, which was by the court without a jury, the issue was found and judgment rendered for the defendant.

The question is whether appellant used due diligence against the maker or was excused by the facts from proceeding against him. We see no reason why, upon his own showing, he might not have sued the assignor immediately upon the maturity of the note. A fortnight elapsed thereafter before the parties together left the State.

In Bledsoe v. Graves, 4 Scam. 382, the Supreme Court said: "If at the time the note falls due, proceedings against the maker would be unvailing, the holder may proceed immediately against the indorser; but, if he will not do this, he must be prepared, in order to fix the liability of the indorser, to show that a suit against the maker would have been alike unavailing, in the intermediate time, while he retained the note." This construction of the statute is approved in Clayes v. White, 83 Ill. 543, and recognized in Garrity v. Betts, 20 Ill. App. 328. Thus the burden of proving continued insolvency of the maker is upon the assignee. His insolvency when the note matured, is no evidence of its continuance after the lapse of five years. In the case of Bledsoe v. Graves, *supra*, insolvency of the maker was the ground on which it was claimed that a suit against him would have been unavailing, and the decision was upon the assumption of that condition when the note matured. It is a condition which, like that of health or sickness, is in its nature not permanent, and the presumption of its continuance does not continue, but fades and disappears in time. In view of the dissenting opinion of Judge Lockwood in that case, the subsequent approval of the decision makes its application here entirely clear. This burden being upon the assignee, his ignorance of the continued condition of the maker is no evidence of it, nor any excuse for the failure to prove it. Clayes v. White, *supra*.

This suit was brought to recover the amount of another note also, of which appellee was maker, and for which judgment was given, and the appeal presents only the question as to the one above mentioned.

*Judgment affirmed.*